# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAWN CUNNIUS, | |
| Plaintiff(s), | Case No. 2:14-cv-00750-JAD-NJK |
| vs. | ORDER DISCHARGING ORDER TO SHOW CAUSE (RICHARD HARRIS) |
| THE VONS COMPANIES, et al., | |
| Defendant(s). | |

Pending before the Court is an order for Richard Harris to show cause why he should not be sanctioned. Docket No. 12. Mr. Harris has now filed a response. Docket No. 18.

The order to show cause addressed two issues. First, a stipulation was filed using Mr. Harris' CM/ECF account that represented to the Court that requests for extensions need only be filed 20 days before the discovery cut-off rather than correctly asserting that requests for extension must be filed 21 days before the expiration of the subject deadline that the parties sought to extend. *See id.* (discussing Local Rule 26-4). This was especially troubling to the Court because United States Magistrate Judge C.W. Hoffman had previously expended judicial resources explaining Local Rule 26-4 to Mr. Harris and other attorneys, and specifically identifying to them that their recitation of the rule was incorrect. *See id.*

With respect to this issue, Mr. Harris blames his associate for relying on opposing' counsel's template used "successfully" earlier this year and failing to ensure that the stipulation complied with the "new, updated Local Rule 26-4." *See* Docket No. 18 at 2. This response evidences a lack of

understanding of practice in this Court. Local Rule 26-4 in its current iteration did not come into effect this year and is not "new." It has been in effect for more than three years. *See* Local Rule IA 5-1 (noting that the current version of the Local Rules became effective August 1, 2011). Three years is more than enough time for attorneys practicing in this Court to review, understand, and comply with the rule.

The second issue addressed in the order to show cause relates to staff and/or associates who work for Mr. Harris using his CM/ECF account to file court documents in cases in which Mr. Harris is not actively participating. *See* Docket No. 12 at 2. Again, this was particularly troubling to the Court given that Judge Hoffman had previously advised Mr. Harris that it is not proper to have documents filed using his CM/ECF account in such cases. *See id.* Despite Mr. Harris' name not appearing as a participating attorney on the caption or signature line of any filing in this case previously, *see* Docket No. 1 at 6-10 (complaint), Docket No. 1 at 26-28 (request to exempt case from arbitration), Docket No. 7 (proposed discovery plan), Docket No. 9 (stipulation for extension), *see also* Docket No. 7 at 1 (Rule 26(f) conference was not attended by Mr. Harris), Mr. Harris now indicates that he is actually "joint counsel" in this case with Mr. Little. *See* Docket No. 18 at 2. Mr. Harris also asserts, nonetheless, that he understands that it is "prudent" that Mr. Little should file the court documents that he signs using his own CM/ECF account. *See id.* at 3.

In light of the above, the Court hereby **DISCHARGES** the order to show cause. Nonetheless, the Court hereby **ORDERS** Mr. Harris to file a certification, no later than September 11, 2014, that he has read and understands Local Rules 26-1 and 26-4. The Court further **ORDERS** Mr. Harris to file a certification that he has advised his staff and associates that his CM/ECF account should not be used in any case in which he is not actively participating, and that the CM/ECF account of the attorney who signs and is responsible for a Court document should be used instead.

IT IS SO ORDERED.

DATED: September 4, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge